**TENNESSEE VALLEY TRADE AND LABOR COUNCIL, et al., Plaintiffs,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant.**

No. 3:96–0712.

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 21, 1998.

Robert Jan Jennings, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, for Plaintiffs.

Edward S. Christenbury, General Counsel, Thomas F. Fine, A. Jackson Woodall, Linda J. Sales–Long, Tennessee Valley Authority, Knoxville, TN, for Defendant.

## MEMORANDUM

WISEMAN, Senior District Judge.

Before this Court are cross motions for summary judgment. For the reasons explained, summary judgment is granted in favor of the plaintiffs.

### I. Factual Background

Plaintiff Tennessee Valley Trade and Labor Council is the collective bargaining agent for unions involved with the Tennessee Valley Authority (TVA), among them the International Brotherhood of Electrical Workers (IBEW). All parties have agreed to conform to the General Agreement, a collective bargaining agreement originally executed in 1940 which has undergone subsequent amendments. The current dispute involves Article VI of the General Agreement, entitled the Use of Mixed Crews to Perform Maintenance Work. The original parties to the General Agreement included Article VI in the agreement for the purpose of preventing jurisdictional disputes among unions. One provision of Article VI provides for the formation of a Joint Maintenance Committee which shall consider all questions concerning Article VI. In addition, all disputes which cannot be resolved by the Joint Maintenance Committee shall be referred to the Vice President of Employee Relations and the Administrator of the Council (referring to the Tennessee Valley Trade and Labor Council). If an agreement still cannot be reached, the matter is to be submitted to an impartial referee. General Agreement, Article VI, § 6.

Plaintiff filed this suit alleging that the TVA violated Article VI of the General Agreement through its staffing at various plants and was in further violation by not submitting the disagreement to arbitration. The TVA argues that as they are unaware of the grounds of IBEW's complaint, the IBEW

could not have exhausted the proper administrative remedies and therefore arbitration at this stage is inappropriate. Furthermore, TVA alleges that in order to submit to arbitration, there must be a clearly defined issue to place before the neutral arbitrator. TVA asserts that no such issue exists.

IBEW and TVTLC allege that they need not specify particular violations in order to be subject to arbitration, but rather that the defining of specific issues for arbitration is a question for the arbitrator to determine.

In their motion for summary judgment, Plaintiffs allege that they had notified the TVA of possible Article VI staffing violations by the time of a Joint Maintenance Committee meeting held March 5, 1996. Pursuant to Article VI, a discussion of these questions took place at the March meeting, but no understanding resulted. The IBEW then requested a meeting between the Vice President of Employee Relations and the Council's Administrator which took place on April 17, 1996. The parties were unable to resolve any of the staffing issues and IBEW subsequently requested submission of the issues to an impartial referee. The TVA refused to agree to submit any issues to arbitration, alleging that they could not sufficiently define a dispute to arbitrate. The instant suit and motions for summary judgment followed.

IBEW argues that the inability to define a precise issue for arbitration does not mitigate against arbitrability. They cite to other decisions by arbitrators in which the parties were unable to formulate an issue, leaving that task to the arbitrators. They further assert that TVA's defense that IBEW has failed to exhaust administrative remedies is a procedural issue to be determined by the arbitrator. IBEW presumes that this defense asserts that additional meetings of the JMC and the Vice President of Employee Relations and Council Administrator are necessary. IBEW maintains that the administrative remedies have been exhausted and that the issues in the instant case have already been presented to the JMC.

Defendant TVA filed a cross motion for summary judgment contending that plaintiffs' claim is "so broad as to be meaningless". Defendant alleges that IBEW has never raised any Article VI staffing issues regarding distribution of work along union jurisdictional lines before the JMC. TVA maintains that IBEW must make a specific claim about how jobs are improperly distributed in order to proceed to arbitration. TVA acknowledges that jurisdictional disputes related to staffing are arbitrable, but alleges that IBEW has not sufficiently demonstrated that this is the type of dispute at issue. TVA provides an affidavit of John Long, the TVA co-chair of the JMC stating that he is not aware of any specific claims regarding jurisdiction that have been brought before the JMC by IBEW. (Long Aff., ¶3).

In response to TVA's motion for summary judgment, IBEW asserts that the General Agreement is silent with regard to the formulation of an issue for arbitration and that the strong presumption in favor of arbitration should be heeded. IBEW cites *AT & T Technologies v. Communications Workers,* 475 U.S. 643, 649–650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), stating that the Court should not decide whether TVA has violated the General Agreement as this is within the sole discretion of the arbitrator. IBEW also provides multiple affidavits by Carl Lansden, asserting that the questions in the instant case have in fact been presented to the JMC and to the VP for Employee Relations. (April 25, 1997 Lansden Aff., ¶5; Nov. 22, 1996 Lansden Aff., ¶4–9).[1]

## II. Legal Analysis

■ Clear boundaries distinguish the role of the courts from the role of the arbitrator. "Whether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court, and a party cannot be forced to 'arbitrate the arbitrability question.'" *Litton Financial Printing Division v. NLRB,* 501 U.S. 190, 208, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991).

---

1. Lansden submitted affidavits on the following dates: November 22, 1996, April 25, 1997 and August 22, 1997. Both the April and August affidavits were titled "Second Affidavit". To avoid confusion, all references to Lansden affidavits will include the date of the affidavit.

■ Despite the contention of the TVA that the decision by the Sixth Circuit in *Salary Policy*, requires the court to look at the history of the parties before determining what arbitration policy to uphold, the court has more recently held that "national labor policy favors arbitration, and where the parties to a collective bargaining agreement have agreed to submit to arbitration and the agreement, accordingly, contains an arbitration clause, there is a presumption of arbitrability." *General Drivers, Salesmen and Warehousemen's Local No. 984 v. Malone & Hyde,* 23 F.3d 1039, 1043 (6th Cir.1994) (internal cites omitted). The court's role is simply to decide "if the party seeking arbitration is making a claim which on its face is governed by the contract." *Id.,* (citing *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960)). Not only does the party seeking arbitration assert that the claim on its face is governed by the agreement to arbitrate, but. even the TVA, the party opposing arbitration, admits that "on their face, matters raised in the IBEW report appear to be primarily assertions that TVA is assigning work across traditional craft jurisdictional lines." · (TVA Resp, to Lansden Aff. of August 22, 1997, p. 3). The Court requires no further proof to determine that arbitration is appropriate in the instant matter.

Furthermore, the arbitration provision in *Salary Workers* differed from that in the instant case. While the provision in *Salary Workers* referred to the resolution of specific disputes, the provision found in Article VI requires arbitration for all issues governed by that Article. *Salary Policy Employee Panel v. Tennessee Valley Authority,* 868 F.2d 872 (6th Cir.1989). In addition, the court in *Salary Workers,* found conclusively that the dispute at issue was not covered by the arbitration provision. *Id.*

The leading Supreme Court cases in the area, otherwise known as the Steelworkers Trilogy, favor arbitration. *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); and *United, Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *United Steelworkers of America v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 80 S.Ct. .1358, 4 L.Ed.2d .1424 (1960). Four main principles derive from the Steelworkers Trilogy: 1) arbitration is a contract issue and only those issues which the parties have agreed to submit to arbitration may be arbitrated; 2) the question of arbitrability is one for judicial determination; 3) a court cannot rule on the potential merits of underlying claims in determining whether an issue is arbitrable; and 4) when a contract contains an arbitration clause, the presumption is for arbitrability unless it can be positively determined that the grievance at issue could in no way be covered by the arbitration clause. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648–650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (internal citations omitted); *United Steelworkers of America v. Mead Corp.,* 21 F.3d 128, 131 (6th Cir.1994).

■ Despite the fact that as a federal agency the TVA is not subject to the Labor Management Relations Act, principles of arbitration developed in the context of private labor disputes may still be applied to conflicts in which the TVA is involved. *International Assoc. of Machinists and Aerospace Workers v. Tennessee Valley Authority,* 108 F.3d 658, 664 (6th Cir.1997). National labor policy favors arbitration. *General Drivers, Salesmen, and Warehousemen's Local Union No. 984 v. Malone & Hyde, Inc.,* 23 F.3d 1039, 1043 (6th Cir.1994). The policy underlying this presumption recognizes that "arbitrators, more so than the courts, possess the proper experience and expertise to resolve labor disputes." *Id.,* citing *Litton Financial Printing Div'n v. NLRB,* 501 U.S. 190, 213–14, 111 S.Ct. 2215, 2229, 115 L.Ed.2d 177 (1991) (Marshall, J., dissenting).

The General Agreement to which the parties in the instant case are signatories favors arbitration. The existence of a contractual agreement to favor arbitration comports with the first requirement of the Steelworker's Trilogy. This Court finds no evidence that the grievance at issue could not possibly be covered by the arbitration clause. The defendant argues that the labor questions

raised by the plaintiffs are not clearly enough defined to determine whether or not they are subject to arbitration. This Court, however, finds that plaintiffs have sufficiently stated the problem so as to demonstrate a high probability that the staffing questions at issue are among those covered by Article VI of the General Agreement. Pursuant to the Steelworkers Trilogy, the court cannot explore the potential merits of the case and therefore declines to require any more specificity on the part of the plaintiffs in defining their claim.

TVA contends that even if IBEW has raised a claim that is covered by the arbitration provision of Article VI, they have failed to exhaust their administrative remedies. Affidavits by Carl Lansden indicate that the IBEW has done as much as it possibly can to remedy the staffing problem through the requisite administrative channels to no avail. (Lansden Aff., Nov. 22, 1996; Lansden Aff., April 25, 1997). The only remaining recourse is submission of the issue to an impartial referee.

### III. Conclusion

For the reasons stated above, this Court finds that arbitration is appropriate in the instant case. The TVA is ordered to submit to arbitration to determine whether or not their staffing policies violate Article VI of the General Agreement and if so, what the appropriate remedy should be.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, the plaintiffs' motion for summary judgment is GRANTED. Defendant's motion for summary judgment is DENIED. The parties shall submit the dispute to arbitration to determine if Article VI of the General Agreement has been violated and if so how the problem should be remedied.

It is so ORDERED.